IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Crim. No. 13-72-LPS |
| MICHAEL J. BARNDT, | : |
| Defendant. | : |

## MEMORANDUM ORDER

At Wilmington this **30th** day of **December, 2020**, having reviewed Defendant Michael Barndt's Motion to Request Compassionate Release Pursuant to 18 U.S.C. § 3582 (D.I. 32), the government's responses of July 28 and November 13, 2020 (D.I. 35, 37), and Barndt's reply (D.I. 39);

**IT IS HEREBY ORDERED** that Mr. Barndt's motion (D.I. 32) is **DENIED** without prejudice.

"[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). The First Step Act amended 18 U.S.C. § 3582 to permit inmates in specified circumstances to file motions seeking "compassionate release." *See* 18 U.S.C. § 3582(c)(1)(A). Prevailing on a compassionate release motion requires a sentenced defendant "(1) to exhaust administrative remedies, (2) to show extraordinary and compelling circumstances, (3) to show an absence of dangerousness, and (4) to show that the section 3553(a) factors support a reduced sentence." *United States v. Vurgich*, 2020 WL 4335783, at *3 (D. Del. July 28, 2020) (internal citation omitted).

1

Although Barndt had not, as of the date of the filing of his motion, exhausted his administrative remedies – he petitioned the Bureau of Prisons ("BOP") on July 15, 2020 and filed in this Court on July 21, 2020, only six days later (*see* D.I. 35 at 4 & Ex. B) – the Court subsequently (on November 9) directed the government to address "whether the time elapsed since the filing of Defendant's Motion means that Defendant has now met the exhaustion requirement" (D.I. 36). The government responded by "conclud[ing] that the exhaustion requirement is better read as a claim-processing rule," not a jurisdictional requirement, and waived it here. (D.I. 37 at 1 n.1) Accordingly, the Court will turn to the merits of Barndt's motion.

Barndt has failed to show the presence of extraordinary and compelling circumstances meriting the modification of his sentence. His motion essentially argues that the ongoing coronavirus pandemic, and what he characterizes as the inadequate BOP response to it at the facility where he is incarcerated, are sufficient to meet his burden. The Court disagrees.

"[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also* D.I. 37 at 10-11 ("To classify general conditions of the prison under COVID-19 as an extraordinary and compelling reason would not only be inconsistent with the text of the statute and the policy statement, but would be detrimental to BOP's organized and comprehensive anti-COVID-19 regimens, could result in the scattershot treatment of inmates, and would undercut the strict criteria BOP employs to determine individual inmates' eligibility for sentence reductions and home confinement."). There must be something more. For example, extraordinary and compelling circumstances may exist where "underlying health conditions . . . render [an individual] especially vulnerable to

2

COVID-19." *United States v. Rodriguez*, 451 F. Supp. 3d 392, 401 (E.D. Pa. 2020). Instead of identifying health conditions that render him especially vulnerable (the Court discusses Barndt's health situation below), Barndt mostly focuses on the prevalence of COVID-19 at FCI Fort Dix.

Barndt characterizes Fort Dix as a "'hot spot' for the COVID-19 virus," in part because of the facility's "overpopulated" housing units that "are riddled with rust and mold" and in "ill-repair." (D.I. 32 at 10) In Barndt's view, "[b]ecause of the unique housing arrangements at Fort Dix . . . inmates at Fort Dix are at an increased risk" for COVID-19. (*Id.* at 11) Barndt further alleges that BOP is mismanaging the pandemic, permitting inter-prison transfers and underreporting coronavirus cases at its facilities, to the detriment of its inmates. (*See* D.I. 39 at 8-10)

Another Judge of this Court found the situation existing at Fort Dix as of late October to be "an outbreak." *United States v. Goodwyn*, No. 17-cr-49-RGA D.I. 56 at 5 n.4 (D. Del. Oct. 23, 2020). At the time of briefing (which was completed a month ago, on November 30), FCI Fort Dix reported over 200 active infections with full isolation protocols, cancelled visitation, and a moratorium on inter-facility transfers. (D.I. 37 at 11) As of the date of this opinion – December 30 – BOP reports that 318 inmates and 11 staff members have active cases of COVID-19. *COVID-19 Update*, Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Dec. 30, 2020). Unfortunately, it appears from the numbers that BOP has not mitigated that "outbreak."

Still, the generalized impact of coronavirus on Fort Dix does not, on the record before the Court, constitute the type of extraordinary and compelling circumstances that justify reducing Barndt's sentence. This conclusion is in accord with that of Judge Andrews, who denied a compassionate release motion filed by a defendant incarcerated at Fort Dix during the October

3

COVID-19 "outbreak." *Goodwyn*, No. 17-cr-49-RGA D.I. 56 at 5 ("I conclude that Defendant has some marginally elevated risk compared to a younger individual, but I am not persuaded that his age, his well-controlled hypertension, and his 'low priority for treatment' hepatitis C together put Defendant at any substantially greater risk for complications from COVID-19 than a completely healthy individual in prison. Thus, in my opinion, he does not have such health issues as to demonstrate 'extraordinary and compelling circumstances,' even when combined with the on-going COVID-19 pandemic, and thus, he does not qualify for compassionate release . . . .") (internal footnote omitted).

Barndt has not shown that his personal health situation, in combination with the impact of coronavirus on Fort Dix, constitute extraordinary and compelling circumstances. The record, which includes extensive medical records, show that Barndt has suffered from "high blood pressure, depression, anxiety, and post traumatic stress disorder." (D.I. 32 at 9; *see also* D.I. 37 Ex. B) There are further notations that he is slightly overweight. (D.I. 38 at 12) Of Mr. Barndt's conditions, the CDC offers guidance as to two: high blood pressure and weight. Being overweight and having high blood pressure "might increase [one's] risk of severe illness from COVID-19." *Certain Medical Conditions*, Ctrs. for Disease Control & Prevention (Dec. 1, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Further, "[t]he more underlying medical conditions someone has, the greater their risk is for severe illness from COVID-19." *Id.*

The mere possibility that Barndt could experience serious risk is not sufficient to warrant release. As the government notes, Barndt's conditions are well-managed. (D.I. 37 at 12; *see generally* D.I. 38) The Court agrees with numerous others that have determined that well-managed hypertension (which the Court understands to be another word for "high blood

4

pressure"), without additional, serious, accompanying conditions, does not constitute extraordinary and compelling circumstances. (*See* D.I. 37 at 12-14) (collecting cases) Barndt's well-managed high blood pressure and slight amount of overweight, considered alone or in combination (and with his other conditions), do not place Barndt at such increased risk of severe illness relative to other FCI Fort Dix inmates to merit release.

The Court recognizes that conditions at Fort Dix could change and/or Barndt's health situation could change. While the Court hopes these do not occur, the Court is denying Barndt's motion without prejudice, which permits him to again request compassionate release should there be a material development.

The Court will not address steps (3) (dangerousness of the defendant) or (4) (application of the 3553(a) factors) at this time.[1] But Barndt should understand that were he to renew his motion, he would confront a substantial burden at each of these steps, even were he to be successful at step (2). (*See generally* D.I. 37 at 14-16) (government arguing Barndt remains danger to community and sentencing factors weigh against his early release)

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

---

[1] Barndt is currently serving a 10-year sentence after pleading guilty to Attempted Enticement and Coercion of a Minor. (*See, e.g.*, D.I. 37 at 2) His projected release date, with good time, is December 2021. (*Id.* at 6)

5